### CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Landmark Associates et al.

v.

Urban Housing Constructors, Inc., et al.

June 18, 1979

Case No. (Law) 4713

By JUDGE ALBERT H. GRENADIER

This is an action by the plaintiffs against the defendants for "indemnification or contribution" for all sums paid by. the plaintiffs in settlement of the suit filed against them in this Court by Edna J. Wilhite, at Law No. 3906. The defendants herein filed an Answer and Grounds of Defense and Interrogatories, which interrogatories were duly answered by the plaintiffs. The defendants thereafter filed a Motion for Summary Judgment. It is stipulated by the parties that all discovery documents, including the depositions in Law No. 3906, may be used for purposes of the motion. The basic question is whether under the facts in this case the plaintiffs have a right of action against the defendants for "indemnification or contribution."

The plaintiffs can only have a cause of action against the defendants if Ms. Wilhite, the plaintiff in the original action, would have had a cause of action against these defendants. In other words, the plaintiffs and defendants herein would have had to be joint tort feasors. Strictly speaking, "indemnification" is not the correct term to describe the cause of action in this case. This action is purely one of contribution between parties jointly liable. The inquiry, therefore, is whether the defendants

herein would have been liable to Ms. Wilhite in the original action. If it appears from the pleadings and the stipulated depositions that no material fact is genuinely in dispute and that the defendants are entitled to judgment, a summary judgment may be entered.

Except under peculiar circumstances, an independent contractor is not liable for an injury to one not a party to the contract, occurring after the independent contractor has completed the work and turned it over to the owner and the same has been accepted by him, even though the injury resulted from the contractor's failure to properly perform his contract. *McCrorey v. Thomas*, 109 Va. 373, 63 S.E. 1011 (1909), and *City of Richmond v. Branch*, 205 Va. 424, 137 S.E.2d 882 (1964).

But there are a number of exceptions to the general rule. An independent contractor is liable for injuries sustained by a third person after the work contracted to be performed has been completed, turned over to the owner and accepted by him, where the work is inherently and intrinsically dangerous or so negligently defective as to be imminently dangerous to a third person. Also, where the independent contractor has full knowledge of the defects in the work performed by him which render the completed work dangerous to the owner or his invitee, and willfully conceals the same; or where the dangerous condition of the work caused by the independent contractor's negligence was not known to the owner and the defect was so concealed that the owner would not have discovered it by reasonable inspection, the independent contractor can still be liable. *Roush v. Johnson*, 139 W. Va. 607, 57 S.E.2d 80 (1954).

The depositions in the original case clearly show that the door to Ms. Wilhite's apartment was properly fitted by the defendants and that the owners subsequently attempted to make repairs to the same and finally changed the lock on the door.

There were no peculiar circumstances here showing that there was anything inherently or immanently dangerous in the installation of the door and the lock by the independent contractor. Nor do the facts in this case come within any exception which would take it out of the general rule. This case falls squarely within the general rule

enunciated in *McCrorey v. Thomas* and *City of Richmond v. Branch.*

Accordingly, the defendants' motion for summary judgment is granted and a summary judgment will be entered herein in favor of the defendants.